UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-cr-20104-JB

UNITED STATES OF AMERICA,

Plaintiff,

v.

JHON JADER ANDELA,

Defendant.

---

**DEFENDANT'S UNOPPOSED MOTION FOR AN ORDER INSTRUCTING FDC MIAMI TO FACILITATE IN-PERSON ATTORNEY-CLIENT VISITS WITH CLIENT/INMATE**

Defendant JHON JADER ANDELA (Mr. Andela), by and through his undersigned counsel, moves this Honorable Court for an Order directing and instructing the Federal Bureau of Prisons to provide Mr. Andela and his Defense counsel full access at FDC Miami to an attorney-client room without a glass partition during visiting hours, upon Defense counsel's request, and in support thereof states as follows:

**INTRODUCTION**

1. Mr. Andela is being held in Pretrial Detention¸ confined in the Special Housing Unit ("SHU") at FDC Miami, pending a Pretrial Detention Hearing, presently set for September 29, 2026, at 10:00 A.M. before the Duty Magistrate Judge. (See [DE 1927]).

2. Undersigned counsel has met with Mr. Andela at FDC Miami but they were unable to have a meaningful conference because the attorney-client visits have to be held through a thick glass separating the undersigned from Mr. Andela, thereby forcing Mr. Andela and the undersigned to shout at each other through the glass in order to communicate.



**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
100 Almeria Avenue, Suite 230, Coral Gables, Florida 33134
• Telephone: 305-444-0030 •
www.dmtlaw.com

3. The lack of a private, unrestricted space in which Mr. Andela and the undersigned may conduct a meaningful, private conference, precludes any possibility of preserving the attorney-client privilege as to any communications between them during these visits.

4. The lack of privacy as to the communications between Mr. Andela and the undersigned during these visits also creates a risk to Mr. Andela's safety, security and well-being because these attorney-client conferences – of necessity – incorporate the discussion and review of discovery, including phots, videos and audio recordings that may involve other inmates housed in the SHU and elsewhere at FDC Miami.

5. These conditions adversely impact upon Mr. Andela's right to counsel under 18 U.S.C. § 3005 and the Sixth Amendment to the United States Constitution; unfairly and unconstitutionally restrict the development of mitigating evidence in violation of the Eighth Amendment to the United States Constitution; and denies Mr. Andela equal protection.

## MEMORANDUM OF LAW

## LEGAL STANDARD

**The Right to Counsel and the Attorney-Client Privilege.**

6. The Sixth Amendment to the United States Constitution provides that in all criminal prosecutions: "The accused shall enjoy the right… to have the Assistance of Counsel for his defence." ***U.S. Const. Amend. 6.***

7. It has long been recognized that "the essence of the Sixth Amendment right to counsel is… privacy of communication with counsel." ***Weatherford v. Bursey***, 429 U.S. 545, 563, 97 S. Ct. 837, 847 (1977) (Marshall, J., dissenting) (internal quotation marks and ellipsis omitted).

8. The Federal Bureau of Prisons (BOP) Program Statement 5267.09, at §540.46,



**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
100 Almeria Avenue, Suite 230, Coral Gables, Florida 33134
• Telephone: 305-444-0030 •
www.dmtlaw.com

Attorney Visits, provides that:

> "Staff may not subject visits between an attorney and an inmate to auditory supervision. To the extent practicable, attorney visits, for both pretrial and sentenced inmates, are to take place in a private conference room. However, areas designated for attorney visits will be arranged so as to provide adequate unobstructed visual supervision.
>
> Where such a room is not available, the attorney visit may occur in a regular visiting room, provided the inmate and the inmate's attorney have a degree of separation from other visitors."

**ARGUMENT**

9. Mr. Andela's and the undersigned's lack of access to a private room where the conferences between them are not overheard by others and where discovery reviewed (some or much of which is composed of confidential materials prohibited from disclosure to others) has materially and negatively impacted Mr. Andela's defense preparations and will continue to do so unless this issue is resolved.

10. This case, which involves allegations of conspiracy in connection with the 2021 assassination of Haitian President Jovenel Moïse, is complex, presumably involves multiple witnesses and reportedly involves an extremely voluminous amount of discovery, including phots, videos and audio recordings, as well as a vast number of documents and other files, all or most of which are confidential.

11. Therefore, it would be impossible to have any meaningful attorney-client review of such discovery under the present conditions, where – as indicated above – Mr. Andela and defense counsel and have to shout through a thick glass dividing them in order to hear each other, and where there is no real possibility of Mr. Andela viewing any videos or reading any documents without defense counsel holding each item or his laptop to the glass for Mr. Andela to read or view them; or without the possibility of Mr. Andela listening to any audio recordings.



**Donet, McMillan & Trontz, P.A.**
Attorneys at Law
100 Almeria Avenue, Suite 230, Coral Gables, Florida 33134
• Telephone: 305-444-0030 •
www.dmtlaw.com

12. Defense counsel need Mr. Andela to be able to work with them on a computer to review records, provide context to documents and contribute to the theory of defense.

13. The current failure of the federal government to provide Mr. Andela with the conditions that will allow him to prepare his defense in this complex prosecution is a direct violation of his Fifth and Sixth Amendment rights under the United States Constitution and has materially impacted and delayed his defense.

14. The conditions set forth above adversely impact upon Mr. Andela's right to counsel under 18 U.S.C. § 3006A and the Sixth Amendment to the United States Constitution; unfairly and unconstitutionally restrict the development of mitigating evidence in violation of the Eighth Amendment to the United States Constitution; and denies Mr. Andela equal protection.

## CERTIFICATE OF GOOD FAITH CONFERRAL

15. The undersigned conferred with Assistant United States Attorney Sean McLaughlin, who indicated that the government does not object to the relief requested in this Motion.

**WHEREFORE**, Defendant Jhon Jader Andela respectfully requests that this Honorable Court enter its Order directing and requiring the Federal Bureau of Prisons to provide Mr. Andela and his defense counsel, upon Defense counsel's request, full access at FDC Miami[1] to a

[Continued on Next Page]

[1] (Or at any other facility in which Mr. Andela may be housed in the future pending trial, should he be relocated).

private conference room designated for attorney visits during visiting hours, to prepare for Mr. Andela's defense.

**DATED** September 28, 2026.

Respectfully submitted,

**Donet, McMillan &Trontz, P.A.**

By: /s/ David A. Donet, Jr.
David A. Donet, Jr., Esq.
Florida Bar No.: 128910
Attorney for Defendant Jhon Jader Andela

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on September 28, 2026, undersigned counsel electronically filed the foregoing Defendant's Unopposed Motion for an Order Instructing FDC Miami to Facilitate In-Person Attorney-Client Visits With Client/Inmate with the Clerk of the Court using CM/ECF, which will send a Notice of Electronic Filing (NEF) to all counsel of record registered therein.

**Donet, McMillan &Trontz, P.A.**

By: /s/ David A. Donet, Jr.
David A. Donet, Jr., Esq.
Florida Bar No.: 128910
Attorney for Defendant Jhon Jader Andela
100 Almeria Avenue, Suite 230
Coral Gables, Florida 33134
Telephone: (305) 444-0030
Email: donet@dmtlaw.com
Email: paralegals@dmtlaw.com